# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| SHARON A. FLETCHER,<br><br>   Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>   Defendant. | Case No. CV 14-01146 (SH)<br><br>MEMORANDUM DECISION<br>AND ORDER |

  This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's request for continued Supplemental Security Income. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief in Support of the Complaint; Defendant's Brief with Points and Authorities in

Opposition to Plaintiff's Requested Relief; Plaintiff's Reply), and the defendant has filed the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should reversed and remanded.

## I. BACKGROUND

On April 22, 2003, plaintiff Sharon A. Fletcher ("plaintiff") filed an application for Supplemental Security Income. On December 23, 2004, an Administrative Law Judge determined that plaintiff was disabled as of April 22, 2003. (See Administrative Record ["AR"] 13).

On September 11, 2011, the Social Security Administration found that petitioner was no longer disabled as of January 2011, even though she stated she was unable to work because of limitations after gastric bypass, addiction to pain medication, and anxiety. (See AR 86-89).

On February 1, 2013 (following a hearing on November 29, 2012, see AR 31-76), an Administrative Law Judge ("ALJ") issued a decision. The ALJ determined that as of January 11, 2011, plaintiff had severe impairments -- "cervical strain/sprain; lumbar strain/sprain; degenerative joint disease of the bilateral knees; arthralgia of the shoulders, elbows, hands, and right ankle; obesity; and depression" -- but found that plaintiff was not disabled within the meaning of the Social Security Act. (See AR 13-24).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (see AR 3-5), plaintiff filed an action in this Court.

Plaintiff solely alleges the ALJ erred in failing to properly evaluate the opinion of plaintiff's examining physician regarding the limitations in plaintiff's ability to deal with coworkers and supervisors.

For the reasons discussed below, the Court finds that the ALJ's Decision should be reversed and remanded.

## II. DISCUSSION

**ISSUE NO. 1:**

Plaintiff asserts that the ALJ failed to properly evaluate the opinion of Dr. Kurland, an examining physician, with respect to plaintiff's ability to deal with coworkers and supervisors. Defendant asserts that the ALJ properly rejected Dr. Kurland's opinion.

An examining physician's opinion is entitled to greater weight than that of a non-examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990). The ALJ must provide specific and legitimate reasons supported by substantial evidence in the record when rejecting the controverted opinion of an examining physician. Lester v. Chater, supra; Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).

Morton L. Kurland, M.D., conducted a psychiatric examination of plaintiff on or about December 13, 2010. In his report, Dr. Kurland stated that plaintiff had a fair ability to understand detailed or complex instructions and a good ability to understand and remember very short and simple instructions; that plaintiff had a good ability to carry out instructions and a good ability to attend and concentrate; that plaintiff had a fair ability to interact with the public and a poor ability to interact with coworkers and with supervisors; and that plaintiff had a poor ability to adapt to changes in the workplace and an unlimited ability to use public transportation or travel to unfamiliar places. When asked to state what medical findings supported his assessment about plaintiff's abilities to interact with the public, coworkers and supervisors, Dr. Kurland wrote: "Says she has no contact [with] public [and] avoids people if she can. Believes she got along well [with] coworkers. Did not believe she got along with supervisor [and] had no coworkers." Dr. Kurland stated that plaintiff had a poor prognosis. After stating that he had not reviewed any of plaintiff's medical records since none had been provided to him, he stated, "My feeling is that she does have a diagnosis, of course, because of her multiple problems.

Among the diagnostic categories that I would include [for plaintiff] would be Drug Abuse and Alcohol Abuse." (See AR 362-65, underlining in original).[1]

The ALJ found that plaintiff had the following residual functional capacity ("RFC")[2] beginning January 11, 2011: the ability to perform a light work[3] with certain exceptions, including: lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking for 6 hours in an 8-hour workday with regular breaks; sitting for 6 hours in an 8-hour workday with regular breaks; no climbing ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional balancing, stooping, kneeling, crouching, and crawling; frequently performing handling and fingering with her bilateral upper extremity; limited to simple, repetitive tasks; and limited to work involving no more than occasional contact with coworkers and the public. (See AR 17).

After discussing Dr. Kurland's evaluation of plaintiff (see AR 22), the ALJ addressed Dr. Kurland's opinion as follows:

> In determining the mental residual functional capacity, I give some weight to the opinion of the psychiatric consultative examiner, Dr. Kurland (Ex. 7F). He concluded that the claimant's ability to interact with coworkers was poor based on the claimant's allegation that she did not believe she could get along with coworkers (Ex. 7F, p. 6). He also opined that the claimant could follow simple instructions. Great weight cannot be given to Dr. Kurland's opinion because he

---

[1] There were two later evaluations of plaintiff completed by non-examining physicians, G. Rivera-Maya M.D., and K. Loomis, M.D. (See AR 377-79, 402-44). Based on the ALJ's failure to fully develop the record with respect to Dr. Kurland, as discussed herein, the Court will not discuss those evaluations.

[2] A Residual Functional Capacity ("RFC") is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

4

apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. Also, great weight cannot be given to his opinion because Dr. Kurland's report is incomplete and the claimant's mental diagnosis was not clearly stated. (AR 22).

To the extent that the Commissioner believed that an independent mental examination of plaintiff was required, the ALJ abdicated that responsibility by failing to provide Dr. Kurland with any of plaintiff's medical records. Thus, the ALJ erred by failing to fully develop the record. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."); Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001)("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).

### III.  ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: February 23, 2015

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE